In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00291-CV
_____

MAURICE MITCHELL, Appellant

V.

ALICE R. MORIARITY, Appellee

_____

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. CIV33734**

_____

**MEMORANDUM OPINION**

Appellant appeals the trial court's dismissal of his case, authorized by Chapter 14 of the Texas Civil Practice & Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.010(a). Because this appeal was not timely filed, Appellant has not invoked the jurisdiction of the appellate court and we must dismiss this appeal for lack of jurisdiction. Tex. R. App. P. 25.1(b), 26.1.

1

## Background

Appellant, an inmate in the Texas Department of Criminal Justice, sued Appellee, a corrections officer, for allegedly confiscating certain items of Appellant's property. The trial court dismissed the case due to Appellant's failure to comply with § 14.005(a) of the Texas Civil Practice & Remedies Code, which requires evidence of an inmate's compliance with the inmate grievance system.

The trial court signed its judgment on September 11, 2020, and Appellant did not file his notice of appeal until December 9, 2020, more than thirty days thereafter. Although Appellant did file what purports to be a request for findings of fact and conclusions of law, he filed that request on December 9, 2020, more than twenty days after the trial court signed its judgment. Tex. R. Civ. P. 296. The appellate record does not reflect that either party to this matter timely filed a motion for new trial or any other motion that would operate to extend the time to file an appeal. Tex. R. App. P. 26.1(a), 26.3.

## Analysis

Rule 26.1 of the Texas Rules of Appellate Procedure dictates that in order to be timely, an appeal must be filed within thirty days of the date that the trial court signed the judgment; this time limit is extended to ninety days when any party has filed any of the motions enumerated in Rule 26.1(a), or if a request for findings of

2

fact and conclusions of law has been filed within the twenty-day time frame set forth in Rule 296. Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 296.

In this case, the trial court, as noted above, signed the final judgment of dismissal on September 11, 2020. Thirty days thereafter was October 11, 2020; therefore, absent the filing of any motion or request that would extend the appellate deadline, Appellant's December 9, 2020 notice of appeal was untimely. *See Cox v. Foster*, No. 09-18-00130-CV, 2018 WL 2247109, *2 (Tex. App.—Beaumont May 17, 2018, no pet.) (mem. op.).

## Conclusion

Because we lack jurisdiction to consider the merits of this matter, we must dismiss the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Submitted on May 9, 2022
Opinion Delivered June 23, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

3